UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CATRINA HILLIARD                                                                                       PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:17-CV-546-DPJ-FKB

SATELLITES UNLIMITED, LLC,                                                                DEFENDANTS
F/K/A SATELLITES UNLIMITED, INC.;
STEPHEN BAPTISTE; AND JOHN
DOES 1–10

ORDER

Plaintiff Catrina Hilliard seeks remand of this case. Defendant Satellites Unlimited, LLC, f/k/a Satellites Unlimited, Inc. ("SU") removed the case, alleging that Stephen Baptiste, the non-diverse defendant, was improperly joined to defeat diversity jurisdiction. The Court's review of the briefs suggests that jurisdiction *may* be lacking for a reason neither party addresses. As discussed below, SU's improper-joinder argument may rely on a defense that is common to Baptiste's and its liability. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (en banc) ("*Smallwood II*"). This issue should be addressed before the Court rules on Hilliard's Motion to Remand [13] or her Motion to Amend [15].[1]

I.     Facts and Procedural History

Hilliard says that, in or around August 2016, Baptiste and another employee of SU inspected her home and serviced her existing DISH satellite equipment. According to her, "said servicing and installation involved drilling holes in [Hilliard's h]ome and running wires and/or

---

[1] Hilliard has not raised the common-defense rule, buts because its applicability goes to the Court's subject-matter jurisdiction, the Court must raise it *sua sponte*. *See Gonzales v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

cables throughout the [h]ome." Compl. [1-1] ¶ 12. She says the work was "performed negligently," leading to a September 10, 2016 fire that destroyed the home. *Id.* ¶¶ 13–14.

Hilliard filed her Complaint against SU, Baptiste, and John Doe Defendants in Copiah County Circuit Court on June 12, 2017. She asserts claims for negligence; gross negligence; respondeat superior; negligent hiring, retention, and supervision; and punitive damages. Asserting that Baptiste was improperly joined to defeat diversity jurisdiction, SU removed the case to this Court on July 10, 2017. In particular, SU says:

> The only facts alleged which purportedly support the Plaintiff's claims against Mr. Baptiste state that he is a technician of Satellites Unlimited, LLC, who inspected the Plaintiff's residence and/or installed new satellite equipment in or around the month of August, 2016. Mr. Baptiste serviced the Plaintiff's residence prior to the fire loss, but the last occasion he did so was on April 18, 2016, more than four months before the Plaintiff claims and almost five months before the fire. As a result, Mr. Baptiste was not present at the time the Plaintiff contends these negligent acts occurred.

Not. of Removal [1] ¶ 6 (citations omitted). In response to Hilliard's motion to remand, SU clarifies that neither Baptiste nor any other SU personnel have "been dispatched" to Hilliard's home since April 18, 2016. Peacock Aff. [16-2] ¶ 5.

For her part, Hilliard says she has pleaded plausible claims against Baptiste:

> [T]he only fact that Defendants point to in support of piercing the pleadings is the exact date of the alleged acts by the defendants and, once again, Plaintiff submits that, at worst, Plaintiff's alleged date of Defendants' negligence is five (5) months off and, at best, discovery will show that the date initially alleged is accurate. Even assuming that the alleged date in the original complaint is five months off, Defendant Baptiste would still be potentially liab[le] for his negligence acts and omissions.

Pl.'s Reply [19] at 5. In light of the potential inaccuracy of the initial Complaint, Hilliard now seeks leave to amend to clarify that Baptiste's call to her home during which he negligently serviced her DISH equipment occurred "[d]uring 2016." Proposed Am. Compl. [15-1] ¶ 11.

The Court concludes that neither the motion to remand nor the motion to amend should be considered until the *Smallwood II* issue is addressed.

II.     Analysis

SU premises federal jurisdiction on 28 U.S.C. § 1332, under which the district court has jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The statute requires complete diversity between all named plaintiffs and all named defendants. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The improper-joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003) ("*Smalllwood I*"). Improper joinder can be established by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). In evaluating a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the ins-state defendant." *Jones v. Gen. Motors Corp.*, No. 3:06-CV-608-DPJ-JCS, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)) (internal quotation marks omitted.

A district court should ordinarily resolve an improper-joinder claim by conducting a Rule 12(b)(6)-type analysis. *Smallwood II*, 385 F.3d at 573. "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). But when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . .

. the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood II*, 385 F.3d at 573.

In this case, SU attached matters outside the pleadings to show that neither Baptiste nor any SU technician serviced Hilliard's system after April 18, 2016—nearly five months before the fire. But assuming Baptiste's temporal distance from the fire breaks the causal chain between his alleged negligence and Hilliard's damages, it appears to the Court that the argument may trigger *Smallwood II*'s common-defense rule.

In *Smallwood II*, the non-resident defendant removed the case to federal court, arguing that the plaintiff's claims against the resident defendant were preempted by federal law. The district court agreed, found the resident defendant improperly joined based on the preemption defense, dismissed the resident defendant, and accepted federal diversity jurisdiction. 385 F.3d at 572. The court then granted the non-resident defendant summary judgment on the basis of the same preemption defense that gave rise to jurisdiction. *Id.* The Fifth Circuit reversed and remanded with instructions that the district court remand the case to state court, explaining that "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing [for improper joinder] has not been made." *Id.* at 575; *see also id.* at 574 ("[W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.").

The Court is aware that a significant body of law has followed *Smallwood II*. It therefore invites the parties to address whether the showing SU hopes to make as to Baptiste is equally dispositive of the claims against itself. If so, then no jurisdiction exists.

III. Conclusion

SU is given 14 days from the entry of this Order to file a response addressing the *Smallwood II* common-defense issue. Hilliard's reply shall be due seven days after SU files its response. No further briefing will be allowed unless further ordered by the Court.

**SO ORDERED AND ADJUDGED** this the 2nd day of October, 2017.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE